UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, Sr., | No. 2:25-cv-00506-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| STACY WITBECK, | |
| Defendant. | |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1 | Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

### B. The Complaint

Plaintiff's complaint names one defendant, Stacy Witbeck. Plaintiff's jurisdictional statement states: "Defendant(s), perform business attends this court responsible." ECF No. 1 at 1. Plaintiff states venue is appropriate because he seeks a "grand award" that exceeds $79,000.[1] *Id.* Plaintiff states his causes of action are: 1) injury; 2) breach of contract; 3) negligence; 4) discrimination; and 5) assault. *Id.* at 2. Plaintiff appears to allege he was caused some undescribed injury that has lasted 8 years. *Id.* His breach of contract claim concerns an allegation of events in 2016 and 2017. *Id.* The allegations are unclear, but it may be that Defendant is an employee of AIG Insurance. Plaintiff's entire allegation of discrimination is: "Defendants did discriminate fair provisions should be apply available plaintiff while he was attends injury claim court." *Id.* Plaintiff's assault claim states Defendant "did commit acts to assault" and mentions the sending of a rude email. *Id.*

### C. Analysis

The complaint does not sufficiently plead a basis for federal jurisdiction. Plaintiff does not plead a federal statute upon which his claim is based. As Plaintiff mentions the amount exceeding $79,000, he may be attempting to base jurisdiction on diversity of citizenship, but Plaintiff does not allege his citizenship or that of Defendant.[2] Plaintiff and Defendant must be citizens of different states for diversity jurisdiction. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship" where "the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

---

[1] The amount in controversy is not relevant to the venue determination. *See* 28 U.S.C. § 1391.
[2] The Civil Cover Sheet submitted by Plaintiff states that there is federal question jurisdiction, and the boxes are checked indicating both Plaintiff and Defendant are citizens of California. ECF No. 1-1.

The complaint does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plain statement showing Plaintiff's entitlement to relief.  Plaintiff's first cause of action, "injury" is not legally cognizable; injury is a requirement of standing and an element of certain other substantive claims.  Plaintiff's second claim for breach of contract fails to state a claim.  Under California law, the elements of a claim for breach of contract are: 1) the existence of a contract; 2) a plaintiff's performance or excuse for nonperformance; 3) a defendant's breach; and 4) resulting damage to plaintiff.  *Reinhardt v. Gemini Motor Transport*, 879 F.Supp.2d 1138, 1143 (E.D. Cal. 2012).  Plaintiff does not clearly allege that there was a contract, or in what manner it was breached.  Plaintiff's third count fails to state a claim of negligence.  *See Cisco Systems, Inc. v. STMicroelectronics*, 77 F.Supp.3d 887, 895 (N.D. Cal. 2014) ("To state a cognizable claim for negligence under California law, plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages.").  Plaintiff's allegations of negligence are unclear.  It appears he believes Defendant did not contact him in a timely manner, or perhaps that rules of the Department of Insurance were violated.  The allegations in support of Plaintiff's claims of discrimination and assault are conclusory.

Accordingly, the complaint does not establish this court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar*, 698 F.3d at 1212 (9th Cir. 2012).  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each

paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must also clarify whether the intended plaintiff is Shannon O. Murphy as an individual, or the plaintiff is Sheetmetal & Associates. The complaint's caption lists Mr. Murphy dba Sheetmetal & Associates. An individual may appear pro se, but a corporation must appear through counsel. *See CLD Const. Inc. v. City of San Ramon*, 120 Cal.App.4th 1141, 1145 (Cal. Ct. App. 2004) ("However, under a long-standing common law rule of procedure, a corporation, unlike a natural person, cannot represent itself before courts of record in propria persona, nor can it represent itself through a corporate officer, director or other employee who is not an attorney. It must be represented by licensed counsel in proceedings before courts of record."). !

III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: March 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE