UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, Sr., | No. 2:25-cv-00506-DAD-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STACY WITBECK, | |
| Defendant. | |

Plaintiff is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On February 12, 2025, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. On March 7, 2025, this Court screened the complaint per the screening process required by 28 U.S.C. § 1915(e)(2), and found the complaint was deficient in that it did not comply with Federal Rule of Civil Procedure 8. ECF No. 4. The complaint did not contain a short and plain statement setting forth the basis for federal jurisdiction or showing Plaintiff's entitlement to relief. ECF No. 4 at 3-4. The Court's order provided in relevant part that Plaintiff shall have 30 days to file an amended complaint, and such amended complaint "must include a sufficient jurisdictional statement and comply with Rule 8." *Id.* at 6. The Order warned that failure to comply may result in a recommendation that the action be dismissed. *Id.* More than 30 days passed, and Plaintiff did not file an amended complaint.

1

On April 17, 2025, the Court issued an Order to Show Cause. ECF No. 5. Plaintiff was directed to show cause within 14 days as to why the failure to file an amended complaint should not result in a recommendation that this action be dismissed based on lack of jurisdiction and/or for failure to state a claim. *Id.* at 2. Plaintiff was informed he could respond by filing an amended complaint that complied with the Court's prior screening order. *Id.* Plaintiff was further cautioned that if he failed to respond, "the court will recommend dismissal of this case." *Id.* More than 14 days have passed, and Plaintiff has not filed a response.

The Court now recommends that this action be dismissed for failure to comply with the Court's orders. Plaintiff did not respond to the Court's order directing him to file an amended complaint within 30 days, nor did Plaintiff respond to the subsequent Order to Show Cause. In recommending dismissal, the Court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that Defendant has not yet appeared, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal. The Court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

**IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to comply with the court's orders pursuant to Fed. R. Civ. P. 41(b) and Local Rule 110; and

2. The Clerk be directed to enter Judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14)**

**days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE